*United States v. Tracy*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of May, two thousand twenty-four.

PRESENT:

> JOSÉ A. CABRANES,
> RICHARD J. SULLIVAN,
> ALISON J. NATHAN,
> *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                                              No. 22-1500

JAMES TRACY,

*Defendant-Appellant*.

_____

For Defendant-Appellant:     MARTIN J. VOGELBAUM, Federal Public Defender's Office, Western District of New York, Buffalo, NY.

For Appellee:     TIFFANY H. LEE, Assistant United States Attorney, *for* Trini E. Ross, United States Attorney for the Western District of New York, Buffalo, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Richard J. Arcara, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the July 12, 2022 judgment of the district court is **AFFIRMED**.

James Tracy appeals from a judgment of the district court sentencing him to 275 months' imprisonment and ten years of supervised release with special conditions following his plea of guilty to receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A) and (b)(1). One of the special conditions authorized searches of Tracy's person, property, vehicle, and residence without reasonable suspicion. Tracy's lone argument on appeal is that the suspicionless search condition violates the Fourth Amendment's bar on unreasonable searches. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We review preserved constitutional challenges to conditions of supervised release *de novo*. *See United States v. Oliveras*, 96 F.4th 298, 304 (2d Cir. 2024). Where a defendant failed to raise the challenge below, however, we review it only for plain error. *See United States v. Miller*, 954 F.3d 551, 557–58 (2d Cir. 2020); Fed. R. Crim. P. 52(b). To prevail on plain error review, an appellant must identify an error that "is clear or obvious," "affected the appellant's substantial rights," and "seriously affects the fairness, integrity[,] or public reputation of judicial proceedings." *United States v. Marcus*, 560 U.S. 258, 262 (2010) (alterations and internal quotation marks omitted).

Here, Tracy's only argument – which he concedes is unpreserved and subject to plain error review – is that the suspicionless search condition violates the Fourth Amendment. Since this case was argued, however, we held in *United States v. Oliveras* that the Fourth Amendment "permits" suspicionless search conditions under the "special needs" exception, so long as the record "sufficiently support[s]" such a condition. 96 F.4th at 313. In particular, we noted that a supervisee may be subjected to searches without suspicion if such a condition would generally promote deterrence, rehabilitation, and public safety without

3

restricting the supervisee's liberty more than reasonably necessary. *See id.* at 309, 311 (citing the "special needs" factors set forth in section 3583(d)).

We see no "clear or obvious" reason why the record would not support a suspicionless search condition here. *Marcus*, 560 U.S. at 262 (internal quotation marks omitted). Tracy's conviction was for an offense – receipt of child pornography – that is inherently difficult to detect. And the record reflects that, during the course of that offense, Tracy took steps to scrub digital evidence of his crime and instructed his minor victim to delete explicit messages and images from her phone. Given that history, it was more than reasonable for the district court to impose a suspicionless search condition in order to deter and uncover similar misconduct in the future. *See Oliveras*, 96 F.4th at 309. We thus find no plain error here.

In so holding, we recognize that in *Oliveras* we vacated the suspicionless search condition on other grounds, finding that it was procedurally unreasonable for the district court to impose it without first making an "individualized assessment" as to why the condition was appropriate. *See id.* at 316. That sort of procedural challenge, however, is altogether different from the Fourth Amendment argument that Tracy raised here. *See id.* at 313 (treating the alleged

Fourth Amendment violation as distinct from procedural error).   And because Tracy did not raise a procedural error argument before us, we decline to consider that issue in this appeal.   *See United States v. Babwah*, 972 F.2d 30, 34 (2d Cir. 1992) ("[A]n argument not raised on appeal is deemed abandoned.").

We have considered Tracy's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court